By the Court:

Barbour, C.J.
It appeared upon the trial that the term “ bulk-lighter,” used in the written contract, meant a schooner so constructed that petroleum could be pumped or run into it, to the extent of some 20,000 gallons, and thus be transported in *462 bulk, without barrels or containing vessels other than the schooner itself.
Construing the instrument with the aid of that fact, it appears to be a contract not merely to deliver to the plaintiffs 80,000 gallons of oil, at such time or times during the months of March and April as might suit their own convenience, but to deliver it in a particular manner and in that way only. They were not entitled to deliver it all in one lot, nor in parcels materially larger or smaller than 40,000 gallons each. Mor could they deliver the second parcel within five days after the delivery of the first. Mor were they entitled to deliver either parcel until they had given five days’ previous notice of their intention to do so. Indeed, as I understand it, the giving of the five days’ notice required by the terms of the contract was intended to be, and was, a condition precedent to the right of the vendors to deliver and to the obligation of the plaintiffs to receive the oil (see Fowler v. Rigney, 5 Abb., N. S., 184).
The reason and object of the provision, in the contract in regard to the notice are quite apparent. The oil being in bulk and not inclosed in casks was, for that reason, to be delivered at the defendants’ yard to a bulk-lighter, the same being a vessel so peculiarly constructed as to be capable of carrying oil in bulk. Of course, no actual full delivery of the oil could have been made according to the terms of the contract unless the lighter was there to receive the same; and it was for the protection of the plaintiffs’ interest, and to enable them to have their peculiar vessel at the place of delivery at the proper time to receive the oil, as well as the money to pay for it if required, that this provision was placed in the contract. It is unreasonable to suppose, in the face of this stipulation, that the parties contemplated that the vendees should either keep their bulk-lighters at the defendants’ yard all through March and April, or intended to require them to incur the expense and trouble of sending such lighters there upon an uncertainty, at any time during the running of the contract, even on the last day thereof. As, then, no demand of delivery could properly be made by the vendees un *463 less they were then prepared to receive the same into their bulk-lighters, it follows that the contract in question did not require the plaintiffs to make such demand in order to entitle them to recover the damages they had sustained by reason of the defendants’ failure to deliver the oil. It was sufficient that they were at all times ready to send their lighters and receive and pay for the oil whenever they should be required to do so by the vendors’ notice that they would deliver at a certain time (Coonley v. Anderson, 1 Hill, 519; Topping v. Root, 5 Cowen, 404; Fowler v. Rigney, supra; Benjamin on Sales, 431; Hilliard on Sales, 158).
I am, therefore, of opinion that when the plaintiffs rested they had established by their evidence all the facts necessary to entitle them to recover; and that the dismissal of the complaint was, consequently, erroneous.
The judgment should be reversed, with costs to the appellants to abide the event, and a new trial ordered.